983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clozell JOHNSON, Jr., Plaintiff-Appellant,
v.
D. HUNTER, Prison Guard; L. Lowery, Corrections Resident
Representative; Raymond G. Toombs, Warden; Ted
Strassburg, Assistant Resident Unit
Manager of 2-Unit, Defendants-Appellees.
 No. 92-1373.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1992.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Clozell Johnson, Jr., pro se, appeals a district court order granting the defendants' motion for summary judgment. The complaint was filed under 42 U.S.C. § 1983. The defendants include the warden, a corrections officer, hearings investigator and an assistant resident unit manager, all employed at the Ionia Maximum Correctional Facility (IMAX) in Ionia, Michigan at the time of the alleged constitutional violation.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Johnson alleged that the defendants conspired to deny him his First Amendment rights by arbitrarily rejecting six books delivered to him at the prison facility, specifically four American dictionaries, a Black's Law Dictionary and a thesaurus. It is not disputed that these were ordered by Johnson's mother, to be sent directly from the J.L. Hudson Company and that the books were rejected by the prison mailroom personnel because they were not ordered or received from an authorized vendor or publisher pursuant to prison policy PD-BCF-63.03. In his complaint, Johnson also alleged that he was denied due process under the Fourteenth Amendment due to certain infirmities in the grievance hearing process, in regard to the rejection of the books.
 
 
 4
 Upon review, this court concludes that summary judgment was proper in this case. This court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 The state has met its burden of showing that a security threat would exist if the prison permitted the exercise of the constitutional right, and Johnson has not shown by substantial evidence that the officials have exaggerated their response to the security conditions. Turner v. Safley, 482 U.S. 78, 89-91 (1987); Espinoza v. Wilson, 814 F.2d 1093, 1099 (6th Cir.1987) (per curiam). The regulation is "content-neutral," without regard to the content of expression contained therein, weighing in favor of the regulation implemented for prison security. Thornburgh v. Abbott, 490 U.S. 401, 415-16 (1989). Moreover, these materials are available to the inmate through other approved sources. Ward v. Washtenaw County Sheriff's Dep't, 881 F.2d 325, 329 (6th Cir.1989). Lastly, any other means implemented to assure that contraband is not being sent through such hard-cover publications would result in a drain on staff resources. Id.
 
 
 6
 Contrary to Johnson's argument, on appeal, this court's holding in Spruytte v. Walters, 753 F.2d 498 (1985), cert. denied, 474 U.S. 1054 (1986), is not applicable to this matter. That holding was based on a prior version of Michigan Administrative Code § 791.6603(3), which law was revised prior to the time Johnson filed his complaint. Apparently, the state has recognized the prison officials' plight of being required to open and examine each individual publication sent to each individual prisoner before such mail may be rejected on the basis that it has not been received from an authorized publisher or vendor. Thus, Johnson's argument based on Spruytte is without merit. We also conclude that Johnson's due process claim lacks merit.
 
 
 7
 Accordingly, Johnson's requests for the appointment of counsel and for a transcript at government expense are hereby denied, and the district court's order granting the defendants' motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.